Staples, J.
The petitioner filed her application in the circuit court for the city of Richmond, stating that her husband was in his lifetime a householder and the head of a family; that he died on the 13th of January 1875, leaving, the petitioner, his widow, and five infant children surviving him; that her said husband was possessed only of personal estate at the time of his death, and that he had not selected or claimed the homestead to which he was entitled. The petitioner therefore prayed the court to appoint commissioners to *assign the same to her in said property in the manner prescribed by law.
The circuit court refused the application, and thereupon the petitioner applied to this court. for a mandamus. In response to the rule issued against him, the judge of the circuit court has filed an answer stat *495 ing at length the ground upon which his refusal was based. It is necessary to a proper understanding of these grounds we should have before us so much of the act of 1870 as relates to the subject-matter of inquiry. That act is contained in chapter 183, Code of 1873, page 1168. The tenth section under which this question arises is as follows:
‘ ‘If any such householder or head of a family shall have departed this life since the adoption of the present constitution, leaving a widow or infant children, and such homestead shall not have been selected or assigned in the lifetime of said householder, she, if remaining unmarried, or they, if she marry or die before such selection, shall be entitled to claim the same, and the court shall appoint commissioners to assign the same in the same manner that commissioners are appointed to assign dower.”
There are other provisions in this section, but it is unnecessary to cite them, as they have no immediate connection with the matter before us.
The learned judge of the circuit court is of opinion that this section applies only to the case of a husband or head of a family dying between the adoption of the constitution and the date of the act of July 1870. According to his view, until the passage of that act, or some legislation by the general assembly, the provisions of the constitution on the subject of the homestead were wholly inoperative. If, therefore, the householder or head of the family had died between *the two periods mentioned, his widow or minor children would be deprived of the benefit secured by the constitution. To obviate this difficulty, the section already quoted was adopted, authorizing them to do what the householder or head of a family might and probably would have done had he been allowed to assert his claim to the homestead exemption.
But where the householder or head of the family lived until after the passage of the act, and refused or declined to avail himself of the provisions intended for his benefit, his widow and minor children, claiming only through him, cannot be permitted to appropriate his estate to the exclusion of creditors and the adult children. And so the legislature must have intended in adopting the section under consideration. The peculiar phraseology of that section furnishes very persuasive evidence of this intention: “If any such householder or head of a family shall have departed this life since the adoption of the present constitution;” words obviously referring to some antecedent period. Whereas if the design had been to give the law a prospective operation, the additional words, “or shall hereafter die,” would have been inserted, thus placing the legislative intent beyond all cavil or controversy.
This is the construction given to the statute by the learned judge of the circuit court, and in support of it he has presented a very elaborate argument. We are 'however of opinion that this is not the correct construction. The question is one of the first impression in this state, and from its general importance deserves careful consideration. The phraseology of the section under consideration, it must be confessed, is somewhat peculiar, but the difficulty of ascertaining its precise meaning is more apparent than real.
The learned counsel for the petitioner has called our ^attention to several statutes in the Code of 1860, in which the same peculiarity of language is employed. Tor example: In the first section of chapter 174 it is provided that “where any suit, motion, or other proceeding shall have remained pending a year, ” &c. There are other instances of the same kind not necessary to be quoted, all of them manifestly having a prospective operation. Similar examples may be found in the chapter relating to the homestead exemptions, as in the sixteenth section, wherein it is provided that “Any householder or head of a family who shall have failed to select and set apart a homestead and personal property according to the provisions of the foregoing sections, and who desires to avail himself of the benefit of the exemptions provided for in this act, ’ ’ &c. These examples are sufficient to show that the peculiar phraseology used in the tenth section has been adopted in the other sections — that it has no special significance, certainly none restricting its operation to the case of the death of the householder before the passage of the act. That very section (the tenth), in connection with the twelfth section, furnishes unmistakeable evidence that it was designed to extend to cases occurring after its adoption. After declaring-, as already stated, that if the householder or head of a family shall have departed this life since the adoption of the present constitution, leaving a widow or infant children, it proceeds as follows: “And such homestead shall not have been selected or assigned in the lifetime of said householder.” Now this section is not only superfluous but senseless, if the section is to be confined to the case of the householder dying before the passage of the act, because until that act was passed it was impossible for the householder to make selection or assignment of the homestead. It will also be observed that the ^twelfth section, after making provision for the terms and conditions upon which personal estate may be held in the place of the homestead, declares, “And in case no such selection (that is of personal property) shall have been made, and the householder be dead, leaving a widow or infant children, she may, if unmarried, make such selection, or if she be dead or married, the infant children may, &c., by their guardian or their next friend make the same.” This is the law which controls when there is no real estate. It is the law under which the petitioner claims. It omits the words, “since the adoption of the present constitution,” used in the tenth section, upon which so much reliance is placed. The language is substantially the *496 same as that of the sixteenth section, which confessedly extends to every class of cases.
And it would seem impossible to resist the conclusion that the object of the provision was to give to the widow and infant children the privilege of selection in all cases where the husband or father had failed to exercise it in his lifetime. If we construe these sections (the tenth and twelfth) as speaking, not from the date of their enactment, but as at the death of the householder or head of a family, and as applying to all cases arising since the adoption of the com stitution, whether the death occurred before or after those sections were adopted, we have some explanation of the peculiar phraseology just adverted to.
This construction -is much strengthened by a careful consideration of the policy which has dictated these homestead exemptions — a policy suggested by considerations both of a political and a benevolent character. Political, because the homestead is regarded as tending to foster views of manly independence in the citizen, and as contributing to the settlement of a country *by inviting immigration, and by holding out inducements to the improvement of property. Benevolent, because the possession of the homestead is the security of the family against the improvidence, the follies and the imprudences of the hubsand or father. Householder, or head of a family, are the terms pervading these homestead enactments — a home for the destitute and helpless, secure from financial ruin and the pursuit of creditors. These objects cannot, in many cases, be accomplished. They may be, and often are, defeated by the act of the owner himself, because the legislative power cannot interfere with a man’s dominion of his own property while he lives. Homestead laws prevail, perhaps, in a large majority of the states. No one can look through their various statutes without at once seeing that “protection of the family” is one of the leading ideas upon which these exemptions are founded. In some of the states the claim of the widow and minor heirs to a homestead in the estate of the father has been the subject of animated discussion, and in every instance it has been sustained by the courts. O’Docherty v. McGloen, 25 Texas R. 67; Hode v. Johnson & Heath, 40 Georgia, 439; Roff, Sims & Co. v. Johnson, Ibid, 555.
Are we to suppose that the legislature of Virginia intended to depart from the policy of the other states in this particular?
There is nothing in the various statutes on the subject to indicate that purpose. On the contrary, upon looking through them, we find everywhere the evidences of a design to confer upon the family the benefits of these exemptions in the lifetime and after the death of the owner of the estate. It is a great mistake to suppose that the husband or father, because he fails to claim the homestead in his lifetime, thereby *manifests a purpose or wish that his estate shall be appropriated to the claims of his creditors. His failure to assert his claim may, and often does, proceed from very different causes — whnt of intelligent counsel, or sudden death, or from a spirit of procrastination, the besetting infirmity of many minds. But whatever may be his motive, if he has done no act to encumber or charge his estate, it is competent for the legislature to prescribe how and to whom the estate shall go after the death of the owner,» and the terms and conditions upon which it is to be used and enjoyed. If the homestead laws be founded upon considerations of sound policy and humanity, there is as much reason for extending their benefits to the widow and minor children, where the householder has failed to claim the exemption, as in those cases in which he has asserted his claim. Deprived of the protection and the support of the .head of the family, the widow and minor children have but stronger claims to the benefits of the homestead. In many cases there is no real estate, and of course no dower, as in the case before us, and the little pittance is often swept away by the claims of creditors, while the widow, with a family of helpless children, is turned adrift to struggle with poverty and misfortune. It is difficult to believe that the legislature could ever have designed so palpable a departure from the spirit of the constitution and the whole object and policy of the homestead exemptions. If the householder has waived his privilege, that, of course, presents an entirely different question. But if he has not waived it, and has merely failed to claim it while he lived, his widow and children should be permitted to assert the claim, as he would probably have done under different circumstances. At all events, the court ought so to decide until the legislature shall otherwise provide in *terms plain and unmistakable. Such intention cannot be gathered from doubtful and obscure phrases of equivocal import.
No one can justly complain of this, certainly not the creditor, as he trusted the debtor with full notice of the consequences which might result from the credit he was extending. It is said, however, that the effect of this construction is practically to exclude the adult children from their share of the ancestor’s estate, and to give it to the widow and minors, when there are no debts, and in many instances contrary to the wishes of the head of the family. It is sufficient to say that the mere appointment of commissioners settles nothing, except perhaps that the widow and minor children are entitled to select and set apart a homestead in the estate of the father or head of the family. It certainly does not adjudicate the rights of the creditors or the adult heirs unless they are parties to the proceeding. Whether the homestead when assigned is good against them, depends upon a variety of questions to be determined in some direct proceeding for that purpose. It has been held in Georgia and North Carolina certainly, and probably in other states, that the object of the homestead laws is the se *497 curity of the debtor and his family against the demands of the creditor, and where there are no debts the homestead cannot be held against the adult children, and the assignment does not preclude them from asserting their title to a share of the estate. Kemp v. Kemp, 42 Georgia 523; Hager v. Nixon, 69 North Car. 108.
Upon these questions this court is not now called on to express any opinion. It is sufficient to say that the petitioner and her children are entitled to have assigned them, and to hold exempt from levy, seizure or sale so much of the personal estate of the father or *head of the family as he himself would be entitled to select and set apart were he now living and asserting his claim to the homestead. They stand, with reference to his creditors, in the same position they would have occupied had the householder himself asserted his claim, and then died, leaving the petitioner and the minors surviving him.
In regard to the constitutional question the court had at one time some difficulty. The doubt was, whether it was competent for the legislature consistently with the constitution to allow the widow and minor children a homestead in the property of the householder, when he himself had failed to claim an exemption in their behalf. It is proper to say that this difficulty has been removed by a more careful consideration of the subject, and more particularly by the arguments of the learned gentlemen who addressed the court on that subject. The provisions in favor of the widow and minor children are believed to be in accordance with the spirit of the constitution and the whole object and policy of the homestead exemption.
Christian and Anderson, J’s, concurred in the opinion of Staples, J.
Moncure P. dissented.
Mandamus issued.
HOMESTEAD EXEHPTION.
I. Definition.
II. Origin.
III. Constitutionality of Statutes.
A. Power of Legislature in General.
B. Discretion of Legislature.
C. Restraints on Alienation of Homestead.
D. Retroactive Homestead Exemption Laws.
E. Statutory Exceptions to Right of Homestead. P. Statute Allowing waiver of Homestead.
G. Registry of Homestead Declaration.
IV. Construction of Homestead Laws.
A. In General.
B. Status of Homesteader.
1. “Householder” or “Head of a Family.”
2. After Dissolution of Family.
C. “Debt Contracted.”
D. “Forced Sale.”
E. “Laboring Man.”
F. Compliance with Statutes.
1. In General.
2. As to Valuation of Property.
V. Exceptions to Right to Claim Homestead.
A. Fiduciary Debts.
B. Torts.
C. Non-Residents.
D. Purchase Price of Property.
E. Shifting Stock of Goods.
VI. Rights of widow of Homesteader.
A. As against Creditors of Husband.
B. As against Husband’s Heirs.
VII. Rights of Heirs of Homesteader.
VIII. Priorities.
A. Liens Attaching before Status Is Acquired.
B. Liens Attaching before Homestead Is Claimed.
C. After Expiration of Homestead.
D. Between Conflicting Liens.
E. Between Assignee of Homestead and Execution Creditor.
IX. Waiver of Homestead.
A. By Contractual Stipulation.
1. Form of waiver.
B. Effect of Waiver.
1. Application of Property to Homestead-Waived Debts.
2. No Lien.
C. Failure to Waive.
X. Alienation of Homestead.
A. Generally.
B. By Deed of Trust to Secure Debts.
1. General Rule.
2. Homestead Expressly Reserved.
C. In Fraud of Creditors.
1. General Rule,
a. Qualification.
2. Where Fraudulent Conveyance Annulled.
XI. New Homestead.
A. Generally.
B. Estoppel.
XII. Effect of Bankruptcy of Homesteader.
A. In General.
B. Where Part of Homestead Claim Allowed.
XIII. Rights of Creditors after Expiration of Exemption.
XIV. When Receiver of Homestead Proper.
XV. Pleading and Practice.
A. In Equity.
1. Amendment of Bill.
B. Authority of Lower Court When Case Remanded.
C. Claim of Homestead Pendente Lite.
D. Bond for Forthcoming of Corpus.
E. Appellate Jurisdiction.
XVI. Articles in Virginia Law Register.
I. DEFINITION.
Homestead exemption is the right given by law to a debtor to retain a portion of his property without its being liable to execution at the suit of a creditor, orto a distress for rent. Bouvier’s Law Dict. 734; 15 Am. & Eng. Enc. Law 525.
II. ORIGIN.
Homestead exemption is a creature of constitutional provision or statutory enactment; the common law did not recognize this right of the debtor. However, the privilege thus conferred by the legislature or constitution is not in derogation of the common law; for at common law though the right did not exist, neither was the real estate of a debtor ever liable to execution. In Virginia and West Virginia, the state constitutions are the source and origin of the right of homestead exemption. The *498 constitutional provision of Virginia (Va. Const. Art. XI) is self-executing, that is, itself confers the right and no legislation would he necessary to carry the right into execution; hut the west Virginia provision (W. Va. Const. Art. VI, Sec. 48), is not self-executing, hut confers on the legislature the power to provide for the right of homestead exemption hy statute. See Reed v. Union Bank, 29 Gratt. 719; Moran v. Clark, 30 W. Va. 358, 8 Am. St. Rep. 66, 4 S. E. Rep. 303. • In the latter case the court said: “From our investigation of this interesting subject, these propositions are naturally deduced: That the people in their - constitution, as far as future debts may affect it, have the right to provide for any sort of homestead guarded as they please, suhj ect to restrictions, or without restrictions, to prohibit the owner of the homestead from encumbering it, or to permit it to be done as in their wisdom they may see fit. That, unrestricted by the constitution, the legislature may exercise the same power. That where there is neither constitutional nor statutory prohibition as incident to the right of ownership, the owner of the homestead may sell or encumber it; and such sale or encumbrance will be as valid as if the property had not been set aside as a homestead. That, if the statute points out any particular mode by which the owner of the homestead may sell or encumber it, to that extent his power over it is restricted; that particular mode must be adopted, or the sale or encumbrance is invalid. That, where the constitution or statute is silent on the subject, a waiver of a debtor’s right to claim personal property as exempted from execution, where attempted to be made by an executory contract as a clause in a note or contract, ‘waiving the benefit of all exemption laws,’ is ineffectual, and will not be enforced. That the sale of the homestead under a deed of-trust, or under a decree of foreclosure of a mortgage thereon, is not a ‘forced sale' within the meaning of the constitution which exempts a homestead from ‘forced sale.’ ” See also, Speidel v. Schlosser, 13 W. Va. 686; Holt v. Williams, 13 W. Va. 704.
111. CONSTITUTIONALITY OP STATUTES.
A. Power of Legislature in General. — In Helm v. Helm, 30 Gratt. 409, the court said; “Generally the legislature cannot impair or abridge the rights of homestead secured by the constitution; it may enlarge such rights and confer them upon a class of persons not specifically mentioned in the constitution. Indeed, this question has been definitely decided by this court. In Hatorff v. Wellford, 27 Gratt. 356, the precise question as to the constitutionality of the act which confers the right to claim a homestead upon the widow or minor children of a decedent, who had not claimed and set apart his homestead, in his lifetime, was raised and argued in that case, and this court decided in favor of the constitutionality of the act, and of the right of the widow to claim the homestead in the estate of her deceased husband.” See also, Moran v. Clark, 30 W. Va. 358, 8 Am. St. Rep. 66, 4 S. E. Rep. 303; Va. & Tenn. C. & I. Co. v. McClelland, 98 Va. —, 36 S. E. Rep. 479.
B. Discretion of Legislature. — In Wray v. Davenport 79 Va. 25, the court, in passing upon the constitutionality of a statute providing for the manner and conditions of setting apart homestead exemption, said: “The homestead is given by the constitution of Virginia; but the constitution provides that the legislature shall prescribe in what manner and on what conditions the said householder or head of a family shall thereafter set apart and hold for himself and family a homestead out of any property hereby exempted, and may, in its discretion, determine in what manner and on what conditions he may thereafter hold for the benefit of himself and family such personal property as he may have, and coming within the exemption hereby made.” See also, White v. Owen, 30 Gratt. 51.
C. Restraints on Alienation of Homestead. — In White v. Owen, 30 Gratt. 52, the constitutionality of a statute, requiring the wife’s joinder in a conveyance or incumbrance of the homestead, and thus to that extent imposing a restraint on the alienation of the homestead, was questioned. The court expressly declined to decide the point, though in a dictum it was strongly intimated that the statute went beyond the requirements of the constitution. But in the late case-of Va. & Tenn. C. & I. Co. v. McClelland, 98 Va. —, 36 S. E. Rep. 479, it was held that the statute, (Va. Code, § 3634), providing that the homestead of a married man shall not be aliened except by joint deed of himself and wife,-is not an unreasonable restriction of the form of alienation of the homestead, and does not impair the benefit intended to be given by the constitution. Accordingly a deed of the homestead by the. husband alone was held to be void, and conveys nothing to the grantee.
D. Retroactive Homestead Exemption Laws. — The article in the constitution of Virginia, and the laws passed in pursuance thereof, giving a retroactive effect to the homestead exemption laws, are unconstitutional and void, being in repugnancy to that caused in the federal constitution which provides that no state shall pass any law impairing the obligation of contracts. In the Homestead Cases, 22 Gratt. 295, the court said; “The true doctrine is that such property as was subject to execution at the time the debt was‘contracted must continue subject to execution until the debt is paid, so long as it remains in the hands of the debtor.” To the same effect, see Russell v. Randolph, 26 Gratt. 713; Com. v. Ford, 29 Gratt. 687; Huffman v. Leffell, 32 Gratt. 44; Taylor v. Stearns, 18 Gratt. 244; Antoni v. Wright, 22 Gratt. 858; Speidel v. Schlosser, 13 W. Va, 686; Moran v. Clark, 30 W. Va. 358, 8 Am. St. Rep. 66, 4 S. E. Rep. 303.
E. Statutory Exceptions to Right of Homestead.— Statutory exceptions to the right of homestead are void if in conflict with the state constitution. In Donaldson v. Voltz, 19 W. Va. 156. in passing upon the constitutionality of a statute whereby debts due for rent were excepted from the benefit of homestead exemption, the courtsaid: “The constitution makes certain debts exceptions; but as to all other debts the exemption applies. If it was in the power of the legislature to except a debt due for rent from the benefit of the exemption, it could except all other debts and thus deprive the debtor of all the benefit intended by the constitution.” See also, Moran v. Clark, 30 W. Va. 358, 8 Am. St. Rep. 66, 4 S. E. Rep. 303.
F. Statute Allowing Waiver of Homestead. — In Reed v. Bank, 29 Gratt. 719, the statute which authorizes the waiver of the homestead exemption was held to be constitutional; and that if a party, executing his bond or note, waives his homestead exemption as to the bond or note, neither he nor his wife can set up said homestead exemption as against said bond or note. See also, Linkenhoker v. Detrick, 81 Va. 44; Scott v. Cheatham, 78 Va. 82.
Where, however, there is no statutory authority for a waiver, it is held that a clause in a note or *499 contract, “waiving- the "benefit of all exemption laws,” is ineffectual, and will not "be enforced. Moran v. Clark, 30 W. Va. 358, 8 Am. St. Rep. 66, 4 S. E. Rep. 303.
G. Registry of Homestead Declaration. — it is held .constitutional for the legislature to enact, that the declaration of intention to set apart homestead must be recorded, and that the homestead shall be liable for debts contracted before the recording of such -declaration. See Reinhardt v. Reinhardt, 21 W. Va. 82; Speidel v. Schlosser. 13 W. Va. 686; Holt v. Williams, 13 W. Va. 704.
IV. CONSTRUCTION OF HOMESTEAD LAWS.
A. In General. — Homestead exemption being laws remediable in nature and not being in derogation of the common law, are liberally construed by the courts. Calhoun v. Williams, 32 Gratt. 18, 34 Am. Rep. 759; Moran v. Clark, 30 W. Va. 358, 8 Am. St. Rep. 66, 4 S. E. Rep. 303; Wilkinson v. Merrill, 87 Va. 518, 12 S. E. Rep. 1015.
The homestead exemption was intended to benefit in succession three classes: first, husbands; second, parents; and third, infant children of deceased parents. Each class steps into the shoes of its predecessor, and has the right to assert the homestead, subject to such regulations as are prescribed by law; but if the property has been obtained, from or through the preceding class or classes, the homestead will be subject to such liens and equities, as surrounded it,in the hands of its predecesssor. Reinhardt v. Reinhardt, 21 W. Va. 82; Speidel v. Schlosser, 13 W. Va. 686; Holt v. Williams, 13 W. Va. 704.
B. Status of Homesteader.
1. “Householder” or “Head of a Family.” — in Calhoun v. Williams, 32 Gratt. 18, 34 Am. Rep. 759, it was held that the terms “Householder” and “Head of Family” have the same meaning, in the provisions of the constitution and statutes relating to homesteads. This case also decided, that an unmarried man who has no children or other persons dependent on him living with him, though he keeps house, and has persons hired by him, living with him, is not a householder or head of a family, within the meaning of these terms as used in the constitution and laws of Virginia, and therefore is not entitled to the homestead exemption as provided by the same. See also, Kennerly v. Swartz, 83 Va. 704, 3 S. E. Rep. 348.
2. After Dissolution of Family. — The above case’of Calhoun v. Williams, 32 Gratt. 18, 34 Am. Rep. 759, was overruled in the later case of Wilkinson v. Merrill, 87 Va. 513, 13 S. E. Rep. 1015. In the former case, though not noticed by the court in its opinion, close perusal of the facts discloses that when the homestead was set apart, the person setting it apart was a homesteader in the purview of the homestead laws: for although unmarried he was under a legal obligation to support persons living with him. -When suit was instituted against the debtor for the subjection of his homestead to the payment of his debts, the persons dependent upon him had -died, and the court held that he had consequently ceased to be a “householder” and that the property set aside as his homestead was liable for his debts. The facts of the case of Wilkinson v. Merrill, 87 Va. 513, 12 S. E. Rep. 1015, were precisely similar, (as far as to the question under consideration is concerned), to those of Calhoun v. Williams, 32 Gratt. 18. The debtor had set apart his homestead when he was the head of a family. The family had consisted of his grandson whom he supported and .who lived with him, but who had since died. The court held, however, that notwithstanding the fact that the family has ceased to exist/yet that the homestead having been legally set apart, by the debtor while he was the head of a family, the exemption did not cease upon the dissolution of the family; but being for the benefit of the householder as well as the family, it continued to exist for the benefit of the householder himself. See further on this subj ect, 2 Va. Law Reg. 170.
C. “Debt Contracted.” — In Whiteacre v. Rector, 29 Gratt. 714, it was held that a homestead exemption cannot be claimed against a fine due the commonwealth, imposed for a violation of the criifiinal laws. The court, construing thephrase “debt “coritracted,”' said: “A fine imposed by the statute for thAviolation of a law cannot, in any just sense, be designated as a debt contracted. The ordinary meaning of’ the word ‘debt’ is a sum of money due to another by bóñlract; and a ‘debt contracted’ necessarily means that a debtor has come under'a voluntary obligation toa creditor. The relation of debtor-and creditor implies, as of course, that the one has given' credit to the other in a contract It would be a solecism and absurd to say that a fine imposed as a pthiishment for a penal offence was a debt contractedContracted how? Contracted with whom? ‘A debt Contracted’ implies the voluntary action of debtor and creditor founded on a valuable consideration!1 This1 cannot be predicated upon á fine imposed by “ivay of punishment. The very essence of a contract is taken 'away when the amount is assessed as a penalty for violated law claimed by the state as a punishment for crime.”
D. “Forced Sale.” — The sale of a homestead,'under a deed of trust or under a decree of foreclosure of a mortgage thereon, is not a “forced sálé”-;within the meaning of the constitution which exempts a homestead from a “forced sale.” ‘Moran v. Clark, 30 W. Va. 358, 4 S. E. Rep. 303, 8 Am. St. Rep. 66, Holt v. Williams, 13 W. Va. 704.
E. “Laboring flan.” — in Farinholt v. Luckhard, 90 Va. 936, 44 Am. St. Rep. 953, 21 S. E. Rep.. 817, a mail carrier was held to be a “laboring person,” within the meaning of the constitutional provision, declaring that the homestead exemption, shall not be claimed as against any demand for services rendered by a laboring person. , •
F. Compliance with Statutes.
1. In General — Where the statute-prescribes a particular method to be adopted-with respect to the claiming, selecting, and setting apart of the.home-stead, such provisions must be complied with, since the entire right to homestead exemption, depends upon statutory authority. Wray. v. Davenport, 79 Va. 19.
2. As to Valuation of Property. — In Williams v. Watkins, 92 Va. 680, 24 S. E. Rep. 223, it was h(eld that, although a homestead deed may-fail to sufficiently describe and value-certain-property intended to be set aside as exempt, this will not affect the validity of the deed as to other property which is. accurately described and valued. . - ¡ -
V. EXCEPTIONS TO RIGHT TO,CLAIH HOHESTEAD.
A. Fiduciary Debts. — It was held in Com. v. Ford, 29 Gratt. 683, that a public officer who had made default in accounting for taxes of the state placed in his hands for collection, was not entitled to homestead exemption as against the state, ip a suit for the recovery of such funds. The decision was based upon that provision of the constitution and the statutes passed in pursuance thereof,-whereby *500 tie benefit of homestead is expressly excepted from fiduciary liabilities. See also, Whiteacre v. Rector, 29 Gratt. 714.
B. Torts. — Ip Burton v. Mill, 78 Va. 468, it was held that the homestead exemption cannot be claimed against ¶ demand for damages for breach of promise to marry, which is not a “debt contracted” but a quúá'táit.
• C. Non-Residents. — The privilege of homestead is accorded under the constitution of Virginia only to citizens of this state while they remain such. Change of domicile from the state, puts an end to the homestead privilege. Domicile is residence with no intention of removal. Mere absence, however long, effects no change of domicile, Hence a person, who having resided in Virginia with his family had set apart his homestead does not lose or abandon his homestead exemption by a temporary removal from the state with animus reoertendi. The burden of proof of change of domicile, in such case, is on him who alleges it. Lindsay v. Murphy, 76 Va. 428; Blose v. Bear, 87 Va. 178, 12 S. E. Rep. 294.
D. Purchase Price of Property. — The constitution and laws’ of Virginia not allowing property to be claimed as exempt for debts contracted for the purchase price of such property or any part thereof, where a large portion of goods claimed as exempt has not been paid for, and are so mingled with those that have been, as to put it out of the power of the 'vendors to distinguish between the two, the onus is on the.' person claiming the " exemption, to show whit;lj.<l^a,s,he,en paid for; and he failing to do this, they will be treated as not having been paid for as far as the homestead deed is concerned, and therefore not exempt under the law. Rose & Wife v. Sharpless & Son, 33 Gratt. 153.
E. Shifting Stock of Goods. — The court in Rose v. Sharpless, 33 Gratt. 159, touched upon the question as to whether a homestead can be claimed in a shifting stock of goods, but declined to decide the point.
VI. RIGHTS OF WIDOW OF HOMESTEADER.
A. As against Creditors of Husband. — In Hanby v. Henritze, 86 Va. 177, 7 S. E. Rep. 204, a householder, having set apart his homestead, died leaving debts. It was held that the homestead continued after his •death as against his creditors, for the benefit of his widow and minor children, by virtue of the statute authorizing such continuance. In Hatorff v. Wellford, 27 Gratt. 356, it was held that the widow has the right to claim homestead against creditors of her husband though the latter had not set it apart in his lifetime. See also, Helm v. Helm, 30 Gratt. 404; Scott v. Cheatham, 78 Va. 82.
B. As against Husband’s Heirs. — The case of Helm v. Helm, 30 Gratt. 404, held, that a widow, whose husband h%s died leaving no children and no debts, and has not claimed the homestead in his lifetime, is not entitled to a homestead in his estate as against his heirs. Nor, according to Barker v. Jenkins, 84 Va. 895, 6 S. E. Rep. 459, can she claim a continuance of the homestead where her husband had legally set it apart during his lifetime, and died leaving no debts.
VII. RIGHTS OF HEIRS OF HOMESTEADER.
In Hanby v. Henritze, 85 Va. 177, 7 S. E. Rep. 204, it was held that, though the benefit of the homestead continue^ .ifi. favor of, the infant children of the homestSch’er, yet that such exemption expires when the children have all attained their majority, and ’ the property becomes liable for the ancestor’s debts, 1 provided, of course, his wife be then dead. See also, 1 Williams v. Watkins, 92 Va. 684, 24 S. E. Rep. 223. 1
VIII, PRIORITIES.
A. Liens Attaching before Status Is Acquired. — One who becomes a householder or head of a family after a judgment lien has fastened on his land, is nqt entitled to a homestead exemption in the land para-tmount to that lien until its discharge. See also, . Cabell v. Given, 30 W. Va. 760, 5 S. E. Rep. 442; Kennerly v. Swartz, 83 Va. 704, 3 S. E. Rep. 348.
B. Liens Attaching before Homestead Is Claimed. — In Blose v. Bear, 87 Va. 177, 12 S. E. Rep. 294, it was held that a judgment lien attaching before homestead claimed in land cannot be enforced against the homestead during the existence of the exemption. The . reason for this, as given by the court, “is found in the character of our homestead exemption, which unlike that in most of the other states, is not so much an estate in land itself as a right of occupancy which cannot he disturbed while the homestead character exists. This same general view, although expressed in different language, has been repeatedly taken by this court. Scott v. Cheatham, 78 Va. 83; Lindsay v. Murphy, 76 Va. 428.”
C. After Expiration of Homestead. — After the expiration of the homestead exemption, liens which attached before the homestead was claimed, are to he paid out of itin the order of their priority in point of time. Blose v. Bear, 87 Va. 177, 4 Va. Law Reg. 278, 12 S. E. Rep. 294.
D. Between Conflicting Liens. — A judgment creditor who has the first lien on real estate of his debtor worth nearly $30,000, has the right to subject the same to the payment of his judgment, though his debt contains no waiver of the homestead exemption, and the subsequent liens which are paramount to the homestead are in excess of the whole value of the land. If the debtor claims the homestead it may be set apart to him, and the judgment paid out of the residue, but, if necessary to pay subsequent liens which are paramount to the homestead, the land so set apart should be subjected. Strayer v. Long’s Ex’or, 93 Va. 695, 26 S. E. Rep. 409.
' E. Between Assignee of Homestead and Execution Creditor. — A householder who has set apart as exempt, under what is known as the homestead law, a chose in action, may assign the same as collateral security for a debt, and his assignee will take priority over an execution issued on a debt in which the homestead is not waived, though the assignee had notice of the execution. The property is free from the lien of the execution. A householder may claim an exemption in a debt which has been assigned by him as collateral security for a loan, and the exemption will prevail over an execution on a debt in which the homestead is not waived, and the assignee be entitled to priority over the execution creditor. Williams v. Watkins, 92 Va. 680, 24 S. E. Rep. 223.
IX. WAIVER OF HOMESTEAD.
’ 1 1 1 A. By Contractual Stipulation. — It was held in Williams v. Watkins, 92 Va. 680, 24 S. E. Rep. 223, that a householder may waive the benefit of his homestead exemption by contractual stipulation, and that thereby the property set apart as exempt will be subject to the debt. See also, Long v. Pence, 93 Va. 584, 25 S. E. Rep. 593, where it was held that the waiver of the homestead exemption in the body of a negotiable note was only a waiver as to the particular obligation in the body of the note, ahd not as to the implied obligation growing out of an assignment of the note, and, as against the liability of the assignor to the assignee, the former may claim the benefit of tbe exemption, although the note declares that “the *501 drawer and endorsers each hereby waive the benefit of onr homestead exemptions.”
i. Form of Waiver — See 3 Va. Law Reg. 309, on this subject.
B. Effect of Waiver.
1. Application of Property to Homestead-Waived Debts. — The entire estate of a decedent is liable for homestead-waived debts, but the portion not embraced in the homestead deed shall be first -subjected. After the exempted property has been set apart, the residue shall be applied towards paying all the decedent’s debts ratably, unless there be some entitled to priority under the statute (Va. Code 1873, ch. 126, § 25), and after such residue has been exhausted the exempted property may be subjected to pay such portions of the homestead-waived debts as remain unpaid. Strange v. Strange, 76 Va. 240; Scott v. Cheatham, 78 Va. 82.
2. No Lien. — In Scott v. Cheatham, 78 Va. 82, it was held that a creditor with a waiver of homestead is not a lien or preferred creditor, but merely has the right to apply the homestead to satisfy his debt so far as unpaid, after taking his ratable share of his debtor’s estate outside the homestead.
C. Failure to Waive. — Where for certain reasons á supersedeas bond should contain a “waiver of homestead,” the omission of such waiver may make the bond insufficient, but not void, and it may be made sufficient at any time on motion of the defendant in error. Acker v. A. & F. R. Co., 84 Va. 648, 5 S. E. Rep. 688.
X.ALIENATION OF HOflESTEAD.
A. Generally. — Where there is neither constitutional nor statutory prohibition as incident to the right of ownership, the owner of the homestead may sell or incumber it; and such sale or incumbrance, will be as valid as if the property had not been set apartas a homestead. Williams v. Watkins, 92 Va. 680, 24 S. E. Rep. 223; Moran v. Clark, 30 W. Va. 358, 4 S. E. Rep. 303, 8 Am. St. Rep. 66.
B. By Deed of Trust to Secure Debts.
1. General Rule. — In White v. Owen, 30 Gratt. 43, it was held that a deed of trust to secure a debt, executed by the debtor and his wife, conveying real and personal property which had been previously set apart as homestead, has priority over the homestead exemption^ and the said property may be subjected to satisfy the debt.
2. Homestead Expressly Reserved. — A deed of trust to secure debts conveys certain real estate, and the grantor reserves in it, to himself and his family, all exemptions and property allowed by the constitution of Virginia and laws passed in pursuance thereof, and in addition thereto all exemptions allowed under the bankrupt laws. Held, the reservation is legal and valid. Brockenbrough v. Brockenbrough, 31 Gratt. 580.
C. In Fraud of Creditors.
i. General Rule. — Since general creditors have no specific chargeor lien upon the homestead, it follows naturally that a sale or incumbrance of such homestead cannot generally be fraudulent as against them. Simon v. Ellison (Va.), 22 S. E. Rep. 860; Williams v. Watkins, 92 Va. 680, 24 S. E. Rep. 223.
a. Qualification.™ In Rose v. Sharpless, 33 Gratt. 153, though the facts of the case do not show that the creditors had any lien upon the homestead, it was held, that, where a “householder or head of a family,” executes a homestead deed as a part and in furtherance of a design to hinder, delay and defraud his creditors in the recovery of their just debts, such deed will be vitiated and invalidated by such conduct.
2. Where Fraudulent Conveyance Annulled. — Where a fraudulent conveyance of property is subsequently annulled at the suit of creditors, the grantor is not estopped as against the creditor to assert his right to homestead in the said property. Hatcher v. Crews, 83 Va. 371, 5 S. E. Rep. 221; Marshall v. Sears, 79 Va. 49; Shipe v. Repass, 28 Gratt. 716; Boynton v. McNeal, 31 Gratt. 456; Mahoney v. James, 94 Va. 180, 26 S. E. Rep. 384.
XI.NEW HOÍ1ESTEAD.
A. Generally. — A householder, in 1874, by deed recorded, declared his intention to hold exempt as Ms homestead property to the amount of $1,468. He afterwards removed to another town in another county, and becoming indebted, he created ^ 1878, a new homestead of property valued at $1,844.50, by a recorded deed, wherein he assailed the validity of his original homestead deed, without accounting for the amount thereof, thereby seeking to hold exempt from his creditors, an aggregate of $3,312.50 wbrth of property; and obtained an injunction to restrain sale under executions levied. Held, that the debtor must be charged with the $1,468, the valué of the property exempted by the original homestead, but that he is entitled to enough of the property levied on to make the aggregate of his exemptions equal the amount of $2,000, and no more.
The primary object of the statute (Va. Code 1873, ch. 183, §7), is to authorize thesale of a homestead and the investment of the proceedsina he# one, to be held on like terms as the original, but there is nothing in the statute to authorize a debtor, #ho has squandered one homestead, to appropriate ánotheir against subsequent creditors. However, the debtor may supplement the original homestead by a new one, so as to make the aggregate equal, but not exceed, the maximum $2,000; but this privilege, once fully exercised, is regarded as exhausted. The creation of a new homestead, determines the original one, if the property exempted under the latter remains in existence; at all events, the debtor will be required to account for the value of the old homestead* in ascertaining the amount he is entitled to under the new. Oppenheimer v. Howell, 76 Va. 218; Hatcher v. Crews, 83 Va. 371, 5 S. E. Rep. 221.
B. BstoppeV — li a 'housetabV&er \va» or does not account for, tbe property set apart for his original homestead he cannot found a claim to a new one by attaching the validity of the deed, of his own making, which created the original. Oppenheimer v. Howell, 76 Va. 218.
XII.EFFECT OF BANKRUPTCY OF HOMESTEADER.
A. In General. — M was adjudged a bankrupt and discharged in 1873. He claimed as his homestead certain land, which the bankrupt court allotted him, but without notice to his creditors, who were lienors by judgments recovered in 1857. Those creditors in 1878 filed their bill in the state court to enforce their liens on said land, but did not make T, who was the assignee in bankruptcy of M, a party. M demurred, answered, and pleaded that the enforcement of the judgments was barred by the lapse of twenty years between their date and the filing of the bill. The demurrer was overruled and decree of sale entered, but the commissioner of sale was not directed to give the usual bond. On appeal by M, — held, under the bankrupt laws of the United States the legal *502 title to the bankrupt’s homestead does not vest in his assignee; and if it does vest, eo instante the homestead is allotted him, the legal title thereto reverts to him. ■ Therefore the assignee had no interest in the subject of this suit and was not a necessary party. The assignee had not even a reversionary interest in the subject of this suit, as by Code 1873, p. 1171, ch. 183; § 8, if the homestead be not aliened in the householder’s lifetime, after his death it continues for benefit of his widow and children, until her death or marriage, and after her death or marriage until the youngest child becomes twenty-one years of age; after which it passes to his heirs or to his devisees, not subject to dower, but subject to all his debts. In no event does- it pass to his assignee in bankruptcy. Judgments obtained and docketed, and liens acquired before the debtor is adjudicated a bankrupt, may, after he is discharged as such, be enforced in the state courts at the instance of persons who were- not parties to the .bankrupt proceedings, on lands owned by him before his adjudication and allotted him for his homestead. McAllister v. Bodkin et als., 76 Va. 809.
B.. Where Part oí Homestead Claim Allowed. — The fact that a homesteader has claimed his homestead in abankrupt court and been allowed -part thereof by the • assignee, does not affect his claim to the balance.. Hatcher v. Crews, 83 Va. 371, 5 S. E. Rep. 221.
XIII. RIGHTS OF CREDITORS AFTER EXPIRATION OF EXEiTPTION.
In Hanby v. Henritze, 85 Va. 177, 7 S. E. Rep. 201, it was held’ that the statute, allowing the homestead, after its expiration, to be sold for all the debts of the householder, which accrued before or after it was set apart-as exempt, is constitutional; and that accordingly after the expiration of the exemption, the homestead may be subjected by creditors.
XIV.-.,WHEN RECEIVER OF HOMESTEAD PROPER.
when .the .guardian of non-resident infants, asks to transfer their money homestead out of the state, it is proper for the court to appoint a receiver to take charge of such funds and invest them, so that the princjpal.may.be forthcoming when the youngest of such infants becomes of age. Clendenning v. Conrad, 91 Va. 410, 21 S. E. Rep. 818.
XV.PLEADING AND PRACTICE.
A. In Equity. — In Russell v. Randolph, 26 Gratt. 713, the court held that, under the provisions of Code 1860, ch. ,177, £ 2, it was c9mp'etent for a judgment creditor, without having sued out an execution at law, to impeach by bill in equity, a deed of homestead and a deed of trust, upon the ground of fraud, actual or constructive.
i. Amendment of Bill. — Where the homestead exemption expires pending a bill to sell the reversion of such homestead, the bill may be so amended as to pray for a sale of the entire estate. Hanby v. Henritze, 85 Va. 177, 7 S. E. Rep. 204.
B. Authority oí Lower Court When Case Remanded.— A decree on former appeal remanding to the circuit court with direction to assign to the debtor his homestead, the proceeds of a deed that has been annulled as fraudulent, concludes with these words, ‘‘unless he appears not entitled to the same on other grounds.” The circuit court disregarded the new objections presented by the creditor to such assignment, and made the assignment. Held, there is no error in the order of the circuit court, the intention of those words not being to open up the matter at large to new objections.
C. Claim of Homestead Pendente Lite. — In a suit by judgment creditors to subject their creditor’s land to the payment of their debts, pending the cause, the debtor is declared a bankrupt, and he applies for a homestead under the constitution and laws of Virginia and the acts of bankruptcy of the united States. Meld, the court should proceed to adjudicate upon the right of the debtor to his homestead. Barger v. Buckland et als., 28 Gratt. 852.
D. Bond for Forthcoming of Corpus. — In Williams v. Watkins, 92 Va. 680, 24 S. E. Rep. 223, it was held that the court will not require security to be given for the forthcoming of the principal of the exemption at the expiration of the homestead period. So also, neither is the widow nor the infant children of. a householder required to give such forthcoming bond. Mahoney v. James, 94 Va. 176, 26 S. E. Rep. 384.
E. Appellate Jurisdiction. — An appeal lies to a-decree allowing a widow homestead for her lifetime in the realty- of her deceased husband, though, the appellant’s interest therein be less than the minimum jurisdictional sum, as the controversy concerns title to land. Barker v. Jenkins, 84 Va. 895, 6 S. E. Rep. 459. In Smith v. Rosenheim, 79 Va. 540, where the amount in controversy was less than $500, the supreme court of appeals was held not to have jurisdiction, notwithstanding the fact that in the progress of the cause in the court below a claim of homestead in the land was asserted by the defendant.
XVL. ARTICLES IN VIRGINIA LAW REGISTER.
For an exhaustive and valuable discussion of the homestead law in Virginia, see article in 2 Va. Law Reg. 167, by Prof. M. P. Burks.
See also, interesting article in 1 Va. Law Reg. 241, on “Garnishment by Foreign Attachment — Conflict with Exemption Laws.”
In 5 Va. Law Reg., there is paper on the subject of Homestead Exemptions, containing some excellent suggestions.